# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON PHANOR, | CASE NO. 1:07-cv-00650-OWW-DLB (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| SERGEANT POWELL and OFFICER GONZALES, N.K.S.P. | (Doc. 1) |
| Defendants. | |

I.   Screening Order

    A.   Screening Requirement

Plaintiff, Ramon Phanor ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 30, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534
3 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a
4 short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.
5 Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the
6 plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A
7 court may dismiss a complaint only if it is clear that no relief could be granted under any set of
8 facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether
9 a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support
10 the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and
11 unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting
12 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171
13 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .
14 .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal
15 pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490
16 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply
17 essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin.,
18 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.
19 1982)).

20    B.    Plaintiff's Claims

21    The events at issue in the instant action allegedly occurred at North Kern State Prison in
22 Delano, California, where plaintiff was incarcerated at the time. Plaintiff names "Sergeant
23 Powell (Sergeant of Transportation)" and "Correctional Officer Gonzales N.K.S.P." as
24 defendants. Plaintiff seeks monetary damages for injuries he sustained on August 22, 2005 when
25 he was a passenger in an inmate van that was involved in a motor vehicle accident.

26    Plaintiff's allegations appear to relate to claims of negligence by both named defendants.
27 Plaintiff alleges that Sgt. Powell suddenly stopped his state automobile so as to cause C.O.
28 Gonzales to rear-end Powell's car with the state van which was conveying inmates to the Davita

Dialysis Center in Bakersfield, CA.  As plead, plaintiff's complaint does not state any claims that rise to the level of constitutional violations.

The court will provide plaintiff with the opportunity to file an amended complaint that complies with Rule 8(a), names the individual defendant actors, and sets forth as to each defendant what action that defendant took (or failed to take) that rose to the level of violating plaintiff's constitutional rights and why those actions (or inactions) occurred.

### 1. Plaintiff's Claims Per Section 1983

"Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

At most, plaintiff's allegations appear to state a claim for relief based on negligent driving by Sgt. Powell and C.O. Gonzales.  However, violation of state tort law (i.e. negligence) is not sufficient to state a claim for relief under § 1983.  To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976).

### 2. Safety/Failure to Protect From Serious Risk of Harm

Plaintiff may be able to state a claim for violation of his constitutional rights under the Eighth Amendment against the named defendants for their failure to protect him from serious risk of harm – i.e. an automobile accident during transport.

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse."  Hoptowit v. Ray 682 F.2d 1237, 1250-51 (9th Cir. 1982); see also Farmer v. Brennan 511 U.S. 825, 833 (1994).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety.  See Farmer, 511 U.S. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prison must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the

1  inference." Farmer, 511 U.S. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir.
2  1995).  To prove knowledge of the risk, however, the prisoner may rely on circumstantial
3  evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge.
4  Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

Plaintiff has not alleged that either of the defendants were deliberately indifferent to a serious threat to his safety (i.e. by failing to drive at reasonable speeds and leaving appropriate spacing between vehicles so as to place the inmate passengers safety at risk).  Plaintiff has also not alleged that the named defendants were aware of and drew the inference(s) that their inappropriate rate of speed and spacing between vehicles created a substantial risk of serious harm (i.e. a motor vehicle collision), nor that their knowledge of the risk is established based on the obviousness of the risk of an accident occurring as a result of inappropriate rate of speed and spacing between vehicles.  While plaintiff has not yet stated these allegations, he may be able to state a violation of his Eighth Amendment rights and thus is given opportunity to file an amended complaint.

### C.  Conclusion

Plaintiff's complaint does not state any claims for violation or deprivation of federal constitutional or statutory rights.  The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

  Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send plaintiff a civil rights complaint form;
2.   Within **thirty (30) days** from the date of service of this order, plaintiff must file an amended complaint curing the deficiencies identified by the court in this order; or
3.   If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

  IT IS SO ORDERED.

Dated:  **January 30, 2008**     /s/ **Dennis L. Beck**
                UNITED STATES MAGISTRATE JUDGE