# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON PHANOR, | CASE NO. 1:07-cv-00650-OWW-DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR PLAINTIFF'S FAILURE TO STATE A CLAIM |
| v. | |
| POWELL, et al., | (Doc. 1) |
| Defendants. | ORDER RE PLAINTIFF'S MOTION TO EXTEND TIME TO FILE AMENDED COMPLAINT |
| | (Doc. 12) |

**Findings and Recommendations Following Screening of Plaintiff's Amended Complaint**

Plaintiff, Ramon Phanor ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 30, 2007. On January 30, 2008, this court dismissed plaintiff's complaint with leave to file an amended complaint. On March 4, 2008, plaintiff filed an amended complaint.

**I.    Motion for Extension of Time to File Amended Complaint**

On March 3, 2008, plaintiff filed a motion for an extension of time to file an amended complaint. (Doc. 11). As plaintiff filed the amended complaint on March 4, 2008, plaintiff's motion for an extension of time is disregarded as moot.

///

///

1

1  **II.     Screening Requirement**

2  The court is required to screen complaints brought by prisoners seeking relief against a
3  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
4  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
5  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
6  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
7  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
8  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
9  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

10  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
11  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534
12  U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a
13  short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.
14  Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's
15  claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss
16  a complaint only if it is clear that no relief could be granted under any set of facts that could be
17  proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will
18  ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.
19  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but
20  that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v.
21  Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004)
22  ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting
23  Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard .
24  . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).
25  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim
26  that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir.
27  1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

28  Plaintiff is presently incarcerated at Kern Valley State Prison in Delano, California. Plaintiff

names Sergeant Powell and Officer Gonzales as defendants. Plaintiff seeks monetary damages for injuries he sustained on August 22, 2005 when he was a passenger in an inmate van that was involved in a motor vehicle accident.

Plaintiff alleges that defendant Powell suddenly stopped his state automobile, causing defendant Gonzales to rear-end defendant Powell's car with the state van that was transporting plaintiff. Plaintiff contends that defendants failed to drive at reasonable speeds and failed to leave appropriate space between the vehicles, and that defendants were therefore deliberately indifferent.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety. Farmer, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837.

As pled, plaintiff's amended complaint does not state any claims that rise to the level of constitutional violations. At most, plaintiff may be able to state a claim for negligence against the defendants. Plaintiff's allegations that defendants drove too quickly in the rain and followed too closely is not a sufficiently serious deprivation of plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff also fails to sufficiently allege that defendants knew of and disregarded an excessive risk to plaintiff's safety. Farmer. Plaintiff fails to state a cognizable claim against defendants Gonzales and Powell for violation of his Federal rights.

///
///
///
///

**III.     Conclusion**

The Court finds that plaintiff fails to state a cognizable claim for relief against defendants Gonzales and Powell for violation of plaintiff's constitutional rights.  Plaintiff was previously granted leave to amend his complaint, but with his amended complaint he is still unable to cure the deficiencies.  Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed for plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 5, 2008**                   /s/ **Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE